UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICKIE REED, | ) | |
|     No. 473449, | ) | |
| | ) | |
|     Petitioner, | ) | No. 3:17-cv-00716 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| TENN. DEP'T OF CORR., | ) | |
| | ) | |
|     Respondent. | ) | |

# M E M O R A N D U M

The pro se petitioner is a state inmate housed at the Trousdale Turner Correctional Complex in Hartsville, Tennessee, serving a term of 35 years of imprisonment in the Tennessee Department of Correction (TDOC). (Docket No. 1, Attach. 1, Page ID# 72-75). He alleges that TDOC has miscalculated his sentence and seeks a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.  Introduction

On June 18, 2001, a Shelby County jury convicted the petitioner of one count of attempted second-degree murder, one count of reckless aggravated assault, and one count of second-degree murder. (Docket No. 15, Attach. 1, Page ID# 115-17). The trial court merged the reckless aggravated assault conviction into the attempted second-degree murder conviction and sentenced the petitioner to 12 years of imprisonment for his attempted second-degree murder conviction and 23 years for his second-degree murder conviction. (*Id.*) The court ordered the petitioner to serve his sentences consecutively for an aggregate sentence of 35 years of imprisonment. (*Id.*)

The Court of Criminal Appeals affirmed. (*Id.*, Attach. 11, Page ID# 596). The Supreme Court of Tennessee denied discretionary review on March 17, 2003. (*Id.*, Attach. 14). The petitioner did

1

not petition the United States Supreme Court for certiorari. (Docket No. 1 at Page ID# 2).

On February 4, 2004, the petitioner filed a timely pro se petition for a writ of habeas corpus in the Shelby County Criminal Court alleging, among other things, that he had been denied the effective assistance of counsel. (Docket No. 15, Attach. 15, Page ID# 630). The post-conviction court appointed counsel for the petitioner and filed an amended petition. (*Id.*, Attach. 15, Page ID# 687, 691-95). The post-conviction court conducted an evidentiary hearing and denied relief in a written order. (*Id.*, Attach. 15, Page ID# 697-702). The Court of Criminal Appeals affirmed on June 17, 2005. (*Id.*, Attach. 19, Page ID# 822). The petitioner did not apply for discretionary review. (*Id.*)

The petitioner subsequently filed several state actions. First, the petitioner moved to reopen his state post-conviction proceedings on January 29, 2008, alleging that he was illegally sentenced by the trial court's use of factors other than his prior convictions to enhance his sentence. (Docket No. 15, Attach. 20, Page ID# 839-46). He also alleged that he received ineffective assistance of trial and appellate counsel, that his indictment was defective because it failed to put him on notice of the elements of the offenses, and that he was mentally incompetent from the time of his arrest through the time of the filing of his motion to reopen his post-conviction petition. On June 16, 2008, the post-conviction court denied the petitioner's motion to reopen, finding that none of the petitioner's allegations satisfied the criteria of reopening a petition for post-conviction relief. (Docket No. 15, Attach. 20, Page ID# 887-88; Docket No. 15, Attach. 23, Page ID# 992). The Court of Criminal Appeals dismissed the petitioner's discretionary review application in March 2009. (*Id.*)

On July 15, 2016, the petitioner filed a motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging (1) his sentences violated the Fourteenth Amendment to the United States Constitution because he was sentenced as a standard offender rather than a mitigated offender; (2) he had no prior convictions, so he should have been sentenced as an

especially mitigated offender; (3) alternatively, he should have received the maximum Range I sentence of eight years for attempted second degree murder; (4) alternatively, he should have received a sentence of fifteen years for second degree murder; (5) the trial court enhanced his sentences in violation of Tennessee Code Annotated section 40-35- 202(b)(1); and (6) his sentences should have run concurrently instead of consecutively. (Docket No. 15, Attach. 24, Page ID# 1008-10). The criminal court denied the motion, finding that the petitioner failed to state a colorable claim. (*Id.*, Page ID# 1013-15). The Court of Criminal Appeals affirmed. (Docket No. 15, Attach. 28, Page ID# 1049).

The petitioner moved TDOC for a declaratory order, claiming that TDOC should have ordered him to serve his 12-year sentence prior to his 23-year sentence and that TDOC had failed to award 777 days of pretrial detention credit. (Docket No. 15, Attach. 29, Page ID# 1081.) TDOC denied the petitioner a declaratory order on July 13, 2016. (*Id.*, Page ID# 1081.) Regarding the alignment of the petitioner's consecutive sentences, TDOC stated that it "chose to calculate [petitioner's] thirty-five (35) year consecutive sentence with the twenty-three (23) year sentence first since [petitioner was] ordered to serve it at 100%[.]" (*Id.*) Regarding the petitioner's pretrial detention credit, TDOC stated that "[p]retrial jail credit (PTJC) that is awarded on a consecutive sentence can only be calculated once within [his] overall consecutive sentence of 35 years." (*Id.*) TDOC further stated that the petitioner's sentence was properly credited with the at-issue 777 days. (*Id.*)

The petitioner filed a timely petition for declaratory judgment against TDOC in the Davidson County Chancery Court on the same bases as his petition for a declaratory order. (Docket No. 15, Attach. 29, Page ID# 1058-60). The chancery court dismissed the petition, finding that the petitioner failed to comply with several procedural requisites related to inmate lawsuits including paying the filing fee or an affidavit of indigency. (*Id.*, Page ID# 1065-66). The chancery court ordered the

3

petitioner to comply with these prerequisites within 30 days or his petition would be dismissed. (*Id.*, Page ID# 1066). When the petitioner failed to comply with these procedures, the chancery court dismissed the petition for failure to prosecute. (*Id.*, Page ID# 1067). The petitioner then filed a "Motion to Vacate Order Dismissing Suit[,]" which the chancery court construed as a motion to alter or amend the judgment. (*Id.,* Page ID# 1069). The chancery court denied the petitioner's motion, finding that he still failed to comply with the court's previous order regarding procedural prerequisites. (*Id.*, Page ID# 1086-89). The petitioner filed an untimely notice of appeal, which the Tennessee Court of Appeals dismissed without addressing the petitioner's issues. (Docket No. 15, Attach. 30).

On April 10, 2017, the petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. (Docket No. 1 at 14). The petition is the petitioner's first federal collateral attack on the underlying state judgments of conviction pursuant to Section 2241. On October 13, 2017, the court ordered the respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules Gov'g § 2254 Cases. (Docket No. 10). In response, the respondent filed an answer urging the court to dismiss the petition for untimeliness (Docket No. 17), to which the petitioner has not responded.

## II. Standard of Review

The petitioner seeks relief pursuant to 28 U.S.C. § 2241, which provides in pertinent part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

4

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The authority to implement a federal sentence of imprisonment lies with the Attorney General through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L.Ed. 2d 593 (1992). Under § 2241, however, the district court may grant relief to a petitioner challenging the computation of his sentence. *Foster v. Zych*, No. 2:09-CV-13661, 2009 WL 3631013, at *2 (E.D. Mich. Oct. 30, 2009) (citing *Wilson*, 503 U.S. at 335 and *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993)).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2244, *et seq.*, prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, a one year statute of limitations applies to petitions

for writs of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006)(§ 2254 requirements also apply to § 2241 petitions). An untimely habeas petition may be dismissed pursuant to Rules 5(b) and 8(a) of the Rules Governing Section 2254 Cases. R. 5(b), 8(a), Rules Gov'g § 2254 Cases.

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III.   Analysis

The respondent urges the court to dismiss the petition as untimely in violation of the one-year statute of limitations set forth by the AEDPA. (Docket No. 16). The respondent rightly concludes that Sections 2244(d)(1)(B) and (C) are inapplicable and contends that, under both Sections 2244(d)(1)(A) and (D), the petition was untimely filed.

Applying § 2244(d)(1)(A), the date on which the petitioner's judgment became final by conclusion of direct review was March 18, 2003.[1] Thus, pursuant to Federal Rule of Civil Procedure

---

[1] *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, March 17, 2003, is excluded). During the ninety (90) day period in

6(a)(1)(A), the AEDPA limitations period began running on June 18, 2003, after the Supreme Court limitation period expired. The petitioner then had one year, or until June 18, 2004, to timely file his federal habeas petition.

On February 4, 2004, the petitioner statutorily tolled the AEDPA by filing a pro se petition for a writ of habeas corpus in the Davidson County Criminal Court. (Docket No. 13, Attach. 1, Page ID# 68). At this point, 232 days of the AEDPA limitations period had elapsed. The petitioner's first round of post-conviction proceedings concluded on August 16, 2005, when the petitioner did not timely apply for discretionary review in the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b)(2005)("The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of judgment of the . . . Court of Criminal Appeals."). When the state court proceedings that statutorily tolled the limitations period are no longer pending, the limitations period resumes at the point where the period was tolled rather than starting anew. *DiCenzi v. Rose*, 452 F.3d 465, 468-69 (6th Cir. 2006). Thus, the petitioner had 133 days, or until December 26, 2005, to timely file his federal habeas petition.

The petitioner placed his federal habeas corpus petition into the prison mail system on May 9, 2017. (Docket No. 1 at 13). Thus, the petitioner filed his petition over eleven years after the AEDPA's one-year limitations period. In other words, the petition is untimely.

Applying § 2244(d)(1)(D) instead as the starting point for the statute of limitations,[2] the

---

which the petitioner could have filed a petition for writ of certiorari, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on June 18, 2003. *See* Fed. R. Civ. P. 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

[2]In *Hill v. Qualls*, No. 3:13-cv-00099, 2013 WL 1666740, at *3 (M.D. Tenn. Apr. 13, 2013)(Campbell, J.), the court found that, in assessing a habeas petition challenging a sentence expiration date, "the only possible provision that applies . . . is § 2244(d)(1)(D)."

7

petition still is untimely. A "federal habeas claim accrues when a petitioner could have discovered it through the exercise of due diligence." *Alexander v. Birkett*, 228 F. App'x 534, 536 (6th Cir. 2007)(petitioner could have discovered through due diligence the factual predicate underlying his sentencing claim long before filing his petition)(citing *Souter v. Jones*, 395 F.3d 577, 586-87 (6th Cir. 2005)). Here, the petitioner's claims concern the alignment of his consecutive sentences and the application of his pretrial detention credit, neither of which has changed since the criminal court imposed the sentences. Therefore, the date on which the petitioner should have discovered the factual predicate of his claims with reasonable diligence is the date on which the petitioner was sentenced. Therefore, he was required to submit his sentencing claims to the federal courts within one year of his sentencing. Under this analysis, too, the petition was filed over a decade late.

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *See Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 177 L.Ed.2d 130 (2010). The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). *See also Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L.Ed.2d 924 (2007) (assuming without deciding that equitable tolling is available under § 2244(d), and holding that such tolling is warranted only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005))). The petitioner here has not presented any basis for concluding that equitable tolling applies. The petitioner

did not submit any factual or legal argument in the "Timeliness of Petition" section of his petition to excuse his time-barred petition. (Docket No. 1, Page ID# 13). Accordingly, the court finds that Reed's present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(A) and (D) and may not be considered on the merits by this court.

Even if the petition had been timely filed, however, each of the petitioner's grounds for relief are unexhausted. An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). However, petitioners must first exhaust their administrative remedies prior to filing a Section 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

The petitioner alleges four grounds for relief in his petition. Ground 1 alleges that TDOC is "refusing . . . to execute judgment of trial court in violation of the Constitution" by choosing to execute the petitioner's second-degree murder sentence first. (Docket No. 1 at 5).[3] Ground 2 alleges that TDOC is depriving him of pretrial detention credits towards his attempted second-degree murder sentence. (*Id.* at 6-7).[4] In Ground 3, the petitioner requests to "be allowed to exhaust claims in

---

[3] Because the computation of a petitioner's prison terms involves a matter of state law that is not cognizable in habeas corpus, *Kipen v. Renico*, 65 Fed. App'x 958, 958 (6th Cir. 2003), were the court ruling on the merits, the court would find that Ground 1 constitutes a non-cognizable state law allegation; the petitioner is challenging the computation of his prison term. Further, the petitioner fails to connect Ground 1 to any clearly established federal law or constitutional right.

[4] Like Ground 1 of the petition, Ground 2 challenges the computation of the petitioner's prison term, which is a matter of state law and not cognizable in federal habeas proceedings. *See Kipen*, 65 Fed. App'x at 958. The petitioner also fails to connect Ground 2 to any clearly established federal law or constitutional right. Were the court ruling on the merits, this claim, too, would be dismissed. Further, pursuant to Tennessee law, the petitioner is not entitled to relief because "a defendant incarcerated pretrial who then receives a consecutive sentence is allowed pretrial jail credits to be applied only to the first sentence." *Chambers v. Ray*, No. M2011-01841-COA-R3-CV, 2002 WL 4350872, at *2 (Tenn. Ct. App. Sept. 21, 2012)(internal quotations omitted), *perm. app. denied* (Tenn. Jan. 14, 2013). This state law prevents the petitioner from "double dipping," meaning receiving pretrial detention credit on his attempted second-degree murder conviction in addition to crediting his second-degree murder conviction.

chancery court." In Ground 4, the petitioner requests the court to order "TDOC [to] obey judgment order." (*Id.* at 8, 10).[5]

Once an inmate is in TDOC custody, the proper avenue by which to address sentence reduction credits is through the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-101, *et seq.*; *Eric Thomas v. State of Tenn.,* No. W2009-01399-COA-R3-CV, 2009 WL 5101769, at *3 (Tenn. Ct. App. Dec. 29, 2009); *Vaughn v. State*, No. 01C01-9308-CR-00258, 1994 WL 53845 (Tenn. Crim. App. Feb. 24, 1994) (sentence credit disputes should be resolved through the Administrative Procedures Act.)).

If the petitioner challenges TDOC's execution of his sentence, he must first seek a declaratory order regarding the calculation from TDOC. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. §4-5-5-225(b)). If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578.

Here, the chancery court dismissed the petitioner's action for failure to prosecute after he failed to comply with several procedural prerequisites, and the Court of Appeals dismissed his appeal because the petitioner untimely filed his notice of appeal. Thus, Grounds 1 and 2 of the petitioner's grounds for relief are unexhausted because he failed to properly exhaust his grounds in the chancery court and in the Court of Appeals. (Docket No. 15, Attach. 29, Page ID# 1086-89; Docket No. 15, Attach. 30). Thus, even if the petitioner had timely filed his § 2241 petition, he has failed to meet his

---

[5]Grounds 3 and 4, although presented as habeas grounds for relief in the petition, are the petitioner's prayers for relief. These grounds fail to allege any "violation of the Constitution or laws or treaties of the United States" and would be dismissed were the court ruling on the merits of the petition. *See* 28 U.S.C. § 2241(c)(3).

burden of establishing that he has properly exhausted all available administrative and state remedies.

IV.     **Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, and considering the respondent's answer to the petition, the court finds that the petition is untimely filed. In addition, the petitioner fails to allege any legally sufficient reason to excuse his untimeliness. The court therefore concludes that the respondent's arguments are well taken, and the petition should be denied as time-barred. Alternatively, each of the petitioner's grounds for relief are unexhausted and lack merit. This petition will be dismissed.

An appropriate order will be entered.

ENTER this 24th day of May 2018.

Aleta A. Trauger
United States District Judge